# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE HURD, | 1:06-CV-00878 OWW NEW (DLB) HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| K. MENDOZA-POWERS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by plea of guilty to four counts of kidnaping for the purpose of robbery and seven counts of robbery in violation of Cal. Penal Code §§ 209 and 211. See Respondent's Answer to Petition (hereinafter "Answer"), Exhibit 1.  On September 15, 1980, Petitioner was sentenced to serve an indeterminate term of life in state prison with the possibility of parole. Id.

On July 1, 2004, Petitioner came before the California Board of Prison Terms (now the

1  Board of Parole Hearings - "BPH") for a subsequent parole hearing. Petitioner and his attorney
2  agreed Petitioner was unsuitable for parole and stipulated to a one-year parole denial. See
3  Answer, Exhibit 5.
4      Petitioner filed petitions for writ of habeas corpus at all three levels of the state courts
5  challenging the parole decision. On November 30, 2005, the California Supreme Court
6  summarily denied the last petition. See Answer, Exhibit 8.
7      Petitioner filed the instant petition for writ of habeas corpus in this Court on July 11,
8  2006. The petition for writ of habeas corpus challenges the underlying sentence and the 2004
9  parole decision. On January 17, 2007, Respondent filed an answer to the petition. Respondent
10 concedes the petition is exhausted. Petitioner did not file a traverse.

**DISCUSSION**

I.    Standard of Review

    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

    Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'").

1    The instant petition is reviewed under the provisions of the Antiterrorism and Effective
2 Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63,
3 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the
4 adjudication of the claim "resulted in a decision that was contrary to, or involved an
5 unreasonable application of, clearly established Federal law, as determined by the Supreme Court
6 of the United States" or "resulted in a decision that was based on an unreasonable determination
7 of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.
8 § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

9    As a threshold matter, this Court must "first decide what constitutes 'clearly established
10 Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
11 *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this
12 Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as
13 of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other
14 words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or
15 principles set forth by the Supreme Court at the time the state court renders its decision." Id.

16    Finally, this Court must consider whether the state court's decision was "contrary to, or
17 involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at
18 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may
19 grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme]
20 Court on a question of law or if the state court decides a case differently than [the] Court has on a
21 set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S.
22 at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the
23 state court identifies the correct governing legal principle from [the] Court's decisions but
24 unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at
25 413.

26    "[A] federal court may not issue the writ simply because the court concludes in its
27 independent judgment that the relevant state court decision applied clearly established federal
28 law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

1  A federal habeas court making the "unreasonable application" inquiry should ask whether the
2  state court's application of clearly established federal law was "objectively unreasonable." Id. at
3  409.

4  Petitioner has the burden of establishing that the decision of the state court is contrary to
5  or involved an unreasonable application of United States Supreme Court precedent. Baylor v.
6  Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the
7  states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a
8  state court decision is objectively unreasonable. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th
9  Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

10  AEDPA requires that we give considerable deference to state court decisions. The state
11  court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's
12  interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*,
13  537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

14  II.   Statute of Limitations

15  In his petition, Petitioner alleges the parole board's denial of parole on July 1, 2004,
16  violated the terms of his plea agreement. He claims he was sentenced to a term of 7 years to life;
17  however, he contends he pled guilty with the agreement that he would only serve 7 years.

18  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
19  of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for
20  writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117
21  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert.*
22  *denied,* 118 S.Ct. 586 (1997).

23  In this case, the petition was filed on July 11, 2006, and therefore, it is subject to the
24  provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners
25  seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As
26  amended, § 2244, subdivision (d) reads:

27     (1) A 1-year period of limitation shall apply to an application for a writ of
   habeas corpus by a person in custody pursuant to the judgment of a State court.
28  The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this situation, however, Petitioner challenges a violation of the terms of his sentence. Petitioner was sentenced on September 15, 1980. Under § 2244(d)(1)(D), the factual predicate of Petitioner's claim became discoverable on September 29, 1987, when the parole board denied parole resulting in Petitioner being incarcerated for over seven years. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Petitioner thus had one year from September 29, 1987, absent applicable tolling in which to file his federal habeas petition. However, Petitioner delayed for nearly two decades in bringing the instant claim. Therefore, it is untimely and must be dismissed.

A. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert*

*denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

III.     Review of Petition

Regardless of the fact that the petition is untimely, there is no merit to Petitioner's claim that the Board violated the terms of his sentence. The Court has reviewed the record of the sentencing hearing. See Answer, Exhibit 3. There is no instance of Petitioner being promised release after serving 7 years. On the contrary, he was sentenced to life imprisonment: "It is the judgment of the court that the defendant be imprisoned in the state prison for life." See Exhibit 3 at 4. The sentencing court further stated:

> Under 1192.5 of the Penal Code, the court did indicate that the court would run the sentences concurrently with each other and with any other time that the defendant is doing on any other case. That was the only commitment made by the court.

See Answer, Exhibit 3 at 2. Thus, there is no foundation to Petitioner's claim that he was given or promised a sentence of 7 years.

Petitioner also claims the 2004 decision by the Board was not supported by the evidence. This claim is also completely without merit, because Petitioner and his attorney agreed with the BPH that Petitioner was not eligible for parole and waived the parole hearing. See Answer, Exhibit 5. The Board granted Petitioner's request and deferred rehearing for one year. Id. Petitioner raises no challenge to the stipulation itself, as coerced or involuntary.

Therefore, it cannot be said that the state court resolution of Petitioner's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).

///

///

///

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED; and

2. Judgment be entered in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 14, 2007**          /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE